IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Respondent, | * | |
| | * | |
| vs. | * | No. 4:04CR00066 SWW |
| | * | (No. 4:06CV1637 SWW) |
| JOE LEWIS KELLY, JR., | * | |
| | * | |
| Petitioner. | * | |

**Memorandum Opinion and Order**

Petitioner Joe Lewis Kelly, Jr. was convicted of being a felon in possession of ammunition. He was sentenced to 96 months imprisonment. His conviction and sentence were affirmed on appeal. *United States v. Kelly,* 436 F.3d 992 (8th Cir. 2006). Now before the Court is Kelly's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. The government responded in opposition to the motion. For the reasons that follow, the Court finds that the motion should be denied.[1]

**Background**

Kelly was indicted for being a felon in possession of ammunition in violation of 18 U.S.C. 922(g)(1). His case was tried to a jury on September 20-22, 2004, and found guilty. According to the presentence report (PSR), Kelly had been convicted previously of at least four felony offenses, and subsequently was convicted of a fifth felony. The PSR also reflected that

---

[1]Section 2255 does not require that the court hold an evidentiary hearing on the motion if the files and records of the case show conclusively that the prisoner is entitled to no relief. 28 U.S.C. § 2255.

the instant offense included Kelly's discharge of a firearm at a car in which three of his children

and their mother, Shawn Jones, were riding at the time of the shooting.

Kelly filed an appeal following his conviction, challenging the imposition of a sentence

above the advisory Guidelines range.  He also challenged the competency of his seven-year-old

son to testify and the admissibility of his son's tape-recorded testimony.   In the motion before

the Court, Kelly asserts ineffective assistance of counsel, prosecutorial misconduct, and lack of

jurisdiction.

**Discussion**

**1.        Ineffective Assistance of Counsel**

To establish that he was deprived of effective assistance of counsel, Kelly must

demonstrate first, that his counsel's performance was constitutionally deficient and second, that

the deficient performance prejudiced the defense. *Strickland v. Washington,* 466 U.S. 668, 687

(1984).  The court need not address both components if the plaintiff makes an insufficient

showing on one of the prongs.  *Id.* at 697.

When examining whether an attorney has failed to meet the *Strickland* standard, "a court

must indulge a strong presumption that counsel's conduct falls within the wide range of

reasonable professional assistance." *Id.* at 689.  Furthermore, the court "must judge the

reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of

the time of counsel's conduct." *Id.* at 690.  The correct inquiry is not whether counsel's decision

was correct or wise, but whether it "was an unreasonable one which only an incompetent

attorney would adopt" considering all the circumstances. *Parton v. Wyrick,* 704 F.2d 415, 417

(8th Cir. 1983).

The prejudice prong requires Kelly to "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington,* 466 U.S. 668, 694 (1984).   "Prejudice, for purposes of an ineffective assistance of counsel claim, means that 'one's confidence in the outcome of the trial is undermined.'"   *United States v. Flynn,* 87 F.3d 996, 1000-01 (8th Cir. 1996) (citations omitted).

## A.    Evidence Form

Kelly asserts his counsel was ineffective because he failed to notice that the Advice and Understanding of Rights form Kelly signed was dated November 20, 2003, and the Pulaski County Sheriff's Office's Evidence Management, Item Submission Record, listing items seized, was dated November 9, 2003.  Kelly argues this discrepancy shows mismanagement of the evidence and tainted all the evidence.  He asserts his attorney should have moved for a mistrial or acquittal based upon the inconsistent dates.  The Court finds that, even assuming counsel's performance was deficient in this instance, Kelly fails to show there is reasonable probability that the outcome of the trial would have been different.

## B.    Juror Notes

Kelly claims his counsel was ineffective for failing to notice that there were notes in all the jurors' chairs before the trial started.  He says counsel should have asked about the content of the notes.  A review of the relevant portion of the transcript shows that the Court advised the jurors that there were legal pads in their chairs that they could use to take notes if they wished. There were no notes in their chairs, only notebooks or legal pads.[2]  The Court finds no evidence to support an ineffective assistance of counsel claim on this issue.

---

[2]*See* docket entry 59 (Trans. Vol. 1) at 21.

C.      **Juror Name-Taking**

Kelly argues his counsel should have moved for a mistrial when the Court stated concern that a party wrote down witnesses' names and this was intimidating behavior.  A review of the transcript cited by Kelly shows that the Court mentioned to the attorneys that a woman in the audience was writing down the names of the jurors called.  The transcript also shows that the jurors were not present when the Court made the observation.[3]  There is nothing to indicate the jury could have been prejudiced by the Court's comments, made outside the hearing of the jurors.  This claim of ineffective assistance of counsel must fail.

D.      **Government Witnesses Present During Opening**

After the government began its opening statement, the Court interrupted, asking the parties if they wished to invoke the witness sequestration rule.  The parties said they did, and all witnesses were excluded from the courtroom.  The government then continued with its opening statement.  Kelly asserts his counsel was ineffective for failing to move for a mistrial at this point because all of the government witnesses heard a brief portion of the government's opening statement.[4]

Federal Rule of Evidence 615 provides that at the request of a party, the court shall order witnesses excluded so they cannot hear the testimony of other witnesses.  The rule provides that the Court may make the order of its own motion.  Here, no government witness heard the testimony of any other witness.  The transcript reflects the government's attorney had spoken twenty lines of his opening statement before the rule was invoked.  Kelly fails to state what

---

[3]*Id.* at 24.

[4]*Id.* at 26.

4

testimony would have been different had the witnesses present not heard a portion of the government's opening statement.  The Court finds no ineffective assistance of counsel.

### E.       Pulaski County Investigator Lett

A Pulaski County Sheriff's Office investigator, James Lett, testified that the inscription on the head of the shell casings collected at the shooting reflected a particular manufacturer's name.  Kelly complains his counsel was ineffective for failing to object to Lett testifying as an expert witness.  He also complains about Lett sitting at the government counsel's table during the testimony of sequestered witnesses, pointing out that Lett works for Pulaski County not the federal government.

Lett testified that he put together the case file together.  He described where he found the shell casings at the shooting scene.  Another detective collected the casings as well as a live round from the scene.  The transcript shows that Lett testified that all of the casings were the same brand of ammunition.[5]  The government states Lett's testimony was based on the name stamped on the head of the casings and this was not expert testimony.

Federal Rule of Evidence 615 provides that "an officer or employee of a party which is not a natural person designated as its representative by its attorney" need not be excluded so he cannot hear the testimony of other witnesses.  The government states it treated Lett as the agent in this case because he was the lead investigator in this joint federal/state prosecution.  The government argues no prejudice occurred as a result of the designation, and Kelly has not alleged any prejudice.

---

[5]*Id.* at 111.

5

The Court finds there is no evidence to support Kelly's claim of ineffective assistance of counsel regarding Lett's testimony or his sitting at the counsel table as the government's representative.

**F.  Testimony of Malik Kelly**

Kelly complains that his attorney should have objected to his minor son's testimony because the son's legal guardian was not present.  The government contends the witness's competence was addressed by the Eighth Circuit, which determined the issue was properly decided as a matter of credibility by the jury.  On appeal, Kelly argued the court should have conducted a competency hearing before allowing Malik Kelly to testify.  The Eighth Circuit held the jury was capable of weighing the credibility of Malik's testimony, making a competency hearing unnecessary.  The Court finds Kelly fails to establish ineffective assistance of counsel on this claim.

**G.  No Fingerprint on Bullet Casings**

An expert witness called by the government testified on cross-examination that the casings found at the shooting scene had no evidentiary value because there were no fingerprints on them.   Kelly claims his counsel was ineffective for failing to move for acquittal, arguing that at this point, there was no grounds for a trial.  As the government points out, there was other sufficient evidence in the case from which to find Kelly guilty.  The Court cannot find that this counsel was ineffective.

**H.  Bolstering by the Government**

Kelly argues the government improperly bolstered the testimony of government witnesses and mentioned a confession Kelly claims he never made.  The statements about which

6

Kelly complains occurred during the government's closing argument.  "An argument will be deemed improper vouching when it 'puts the prosecutor's own credibility before the jury [or] carr[ies an] inference of outside knowledge.'"   *United States v. Williams,* 97 F.3d 240, 245 (8th Cir. 1996)(citation omitted).  A careful review of the record shows that the comments about which Kelly complains did neither. The prosecutor in this case did not personally vouch for the truthfulness of the witnesses' testimony, nor is there any intimation of information outside the scope of the trial.   The prosecutor reviewed the conflicting testimony of Shawn Jones regarding the identity of the shooter and the evidence regarding Kelly's actions and statements allegedly made to Lorraine Nelson, Shawn Jones' mother, after the shooting.  Kelly also takes issue with the prosecutor's characterization of his alleged statement to Nelson as a confession.  The Court finds no merit to Kelly's claim that his counsel was ineffective for failing to object to statements made during the government's closing argument.

### G.  Failure to Investigate

Kelly argues his attorney was ineffective for failing to investigate the manufacture of the Norenco 9mm ammunition; if he had, he would have discovered that Norenco also sells empty brass casings.  Kelly asserts that even assuming he possessed the casings, he may not have possessed "ammunition."  The proof at trial showed that shots were fired into Shawn Jones' car, and bullet and bullet fragments were recovered.  Further, a live round of the same manufacturer was found at the scene of the shooting.  The Court cannot find counsel ineffective for failure to investigate in light of the evidence presented in the case.

### H.  Prior Murder Conviction

Kelly alleges that a 1984 second degree murder conviction should not have been used to enhance his sentence because he was not represented by counsel.  He claims his counsel was ineffective for not challenging the validity of that conviction.  He also maintains that the Court lacked jurisdiction to consider such conviction for enhancement purposes because the judgment entered in that conviction "shows no attorney signature present."  Kelly attaches as an exhibit to his motion a copy of the judgment in that case which shows that he was represented by counsel at the time he was tried and convicted of murder.  *See* docket entry 62.  The Court finds no merit to the claims of ineffective assistance of counsel and lack of jurisdiction.

**2.      Prosecutorial Misconduct**

Kelly moves for relief under § 2255 on the basis that the prosecutor failed to tell the grand jury that Lorraine Nelson's testimony was not the same as the statement she had given to investigator Lett, and this violated his right to due process.  He asserts the government violated his due process rights by allowing Nelson to provide unreliable, vindictive, biased, and confusing testimony to the grand jury.   He also claims it was a violation of due process for the prosecutor not to inform the grand jury that they could question his minor son, Malik, as part of their deliberations.

At the trial, Lorraine Nelson testified that a few days after the shooting, Kelly called her home and spoke to her and her husband.  She said Kelly asked her if she were angry and said he was not trying to kill Shawn and the children.  About a week and a half after the shooting, Lett came to Nelson's house and tape-recorded a statement wherein Nelson said Kelly had called her and said how sorry he was and that he needed her to understand that he was sorry.  Upon cross-examination concerning her direct testimony that Kelly said he was not trying to kill anyone,

Nelson testified that everything she told Lett was not in her recorded statement.[6]  The trial transcript makes it clear that Nelson was cross-examined about the differences between her testimony at trial and the statement she gave to Lett.  The petit jury heard the testimony and found Kelly guilty beyond a reasonable doubt.

As to Malik Kelly not being called to testify before the grand jury, a prosecutor has no obligation to search for and submit evidence to grand jury when it has not been requested.  *United States v. Levine,* 700 F.2d 1176, 1180 (8th Cir. 1983).  Once a petit jury finds a defendant guilty beyond a reasonable doubt, any grand jury error is considered harmless.  *United States v. Ruiz,* 446 F.3d 762, 769 (8th Cir. 2006).

**Conclusion**

The Court finds petitioner has failed to establish he is entitled to relief under 28 U.S.C. § 2255.  IT IS THEREFORE ORDERED that petitioner's motion  is denied.

DATED this 30th day of January 2007.

/s/Susan Webber Wright

UNITED STATES DISTRICT JUDGE

---

[6]*Id.* at 140-41, 145-48.

9